GILLETTE SAFETY RAZOR CO. v. WOLF.

(Circuit Court, S. D. New York. August 15, 1910.)

PATENTS (§ 326*)—SUIT FOR INFRINGEMENT—VIOLATION OF INJUNCTION.

It is not a defense to a proceeding to punish a defendant for violation of an injunction against infringement of a patent that he had instructed his employés to observe the injunction, and that the violation was by one of them without his knowledge.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613–619; Dec. Dig. § 326.*]

In Equity. Suit by the Gillette Safety Razor Company against Charles W. Wolf. On motion to punish defendant for contempt for violation of injunction. Motion sustained.

Clifford E. Dunn, for complainant.
Isidor Buxbaum, for defendant.

LACOMBE, Circuit Judge. Complainant is the owner of a patent for safety razors, which it manufactures and sells under certain restrictions as to the price at which they shall be resold at retail; notice of such restrictions being affixed to the cases in which the goods are sold by it. It also sells razor sets to the United Cigar Stores Company put up in a distinctive manner with notice of restriction against any sale, such goods being merely redeemed as premiums by the original holders of certificates issued by the Cigar Stores Company. On June 2, 1910, complainant obtained an injunction forbidding defendant from selling or offering for sale razors or razor blades at less than the fixed price, and from selling or offering for sale or in any manner dealing in so-called "Premium razors" which had been manufactured for the Cigar Stores Company. This injunction was on the same day served upon defendant.

It being alleged that he subsequently, on June 2d, violated this injunction and defendant denying such allegations, it was sent to a special master to take proof and report. The master has reported that at one of the defendant's branch stores a sale at cut prices was made by one of his employés on the day named. Nothing is shown upon which the correctness of this report could be questioned. It is further al-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leged that defendant while the master had the matter before him again violated the injunction (on July 7) and a motion to punish for this second violation has been argued on affidavits. It seems to be quite clearly established.

The defendant's contention is that, upon being served with the injunction, he at once issued orders to his employés to be careful not to sell any razors or blades at cut prices, and not to offer any premium goods; that the sales complained of were contrary to his orders, and resulted from the carelessness of some individual employé. But, as was said in Christensen Engineering Co. v. Westinghouse Air Brake Co., 135 Fed. 774, 68 C. C. A. 476, even if defendant "be acquitted of any deliberate violation of the order of the court, having given instructions not to sell such (articles), nevertheless it is thought that an intelligent defendant should take such steps as will enforce obedience to its instructions on the part of its employés."

Under all the circumstances, defendant expressing regret for the occurrences and promising in the future not to deal in or have anything to do with any of the articles manufactured by complainant, a nominal fine only, $25, will be imposed, since defendant is obligated to pay the master's fees and stenographer's bill. The fine will go to the complainant.